IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 16 2016
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| ANTHONY J. DeSOLA, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:16-CV-750-A |
| MEDNAX, INC., ET AL., | § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of defendants Carmen Pla, Christine Lewandowski, Alan Oliver, and Linda Gonzales ("the individual defendants"), each filed on August 22, 2016, to dismiss all claims asserted against them by plaintiff Anthony J. DeSola ("DeSola"). The court, having considered the motions, the response, the record, and applicable authorities, finds that the motions should be granted.

I.

Background and Motion to Dismiss

On July 27, 2016, plaintiff sued defendants in the District Court of Tarrant County, Texas, 236th Judicial District, alleging various wrongful termination claims under state and federal law. Doc. 5 at Ex. A-1. On August 12, 2016, defendants removed the case to this court, asserting subject matter jurisdiction under 28 U.S.C. § 1331. On August 22, 2016, Mednax, Inc. and American

Anesthesiology filed answers and the individual defendants each brought their motions to dismiss.

Plaintiff alleges employment discrimination under the Texas Commission on Human Rights Act ("TCHRA"), which provides in relevant part that "[a]n employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer . . . discharges an individual [] or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." Tex. Labor Code Ann. § 21.051. The individual defendants seek dismissal on the grounds that none is an employer under the TCHRA and that liability only accrues against employers for violations of the act. Because the court finds that the TCHRA does not create individual liability for employment discrimination and because none of the individual defendants is an employer under the TCHRA, the court grants the motions of the individual defendants.

II.

The Meaning of Employer under the TCHRA

"Supervisors and managers are not liable under the Texas Human Rights Act." Benavides v. Moore, 848 S.W.2d 190, 198 (Tex. App. 1992), writ denied (July 30, 1993)). See also Medina v. Ramsey Steel Co., 238 F.3d 674, 686 (5th Cir. 2001) (holding that

2

"supervisors and managers are not considered employers under the Texas Labor Code and, therefore, are not individually liable for [] discrimination").

Moreover, while the Supreme Court of Texas has not explicitly held as much, it recently affirmed the principle that "analogous federal statutes and the cases interpreting them guide [interpretation] of the TCHRA," because the TCHRA "is modeled after federal civil rights law" and seeks to "coordinate state law with federal law in the area of employment discrimination." In re United Servs. Auto. Ass'n, 307 S.W.3d 299, 308 (Tex. 2010). Thus, the court is further persuaded by Title VII's prohibition on suits against supervisors and managers. See, e.g., Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994).

Further, plaintiff does not allege that any of the individual defendants qualifies as an employer but instead also brings suit against employers Mednax, Inc. and American Anesthesiology, both of which have filed answers in the above-captioned action.

Accordingly, the court finds that the motions to dismiss of

the individual defendants should each be granted.

ORDER

Therefore,

The court ORDERS that the motions to dismiss of Carmen Pla, Christine Lewandowski, Alan Oliver, and Linda Gonzales be, and are hereby, granted.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissals.

SIGNED September 16, 2016.

_____
JOHN McBRYDE
United States District Judge